## W. W. WATERS *v.* D. F. CARDIN.

**Judicial Sale—Sale With Confirmation of Partition—Acquiescence of Defendant—Better Bid to the Court.**

The court had directed the defendant's land sold and he was not presumed to know whether the chancellor would approve the sale or not, and this placed him in such a position that he could do nothing but endeavor to obtain as much for his land as it was reasonably worth, and a purchaser could well doubt the validity of his title obtained under a purchase where the defendant's right to the land depended upon the future action of the court in rejecting or confirming the division.

Held, that under such circumstances the chancellor should have ordered a resale, as he had a bid of 25 cents per acre in advance of the price brought at the first sale.

APPEAL FROM SPENCER CIRCUIT COURT.

October 29, 1872.

OPINION BY JUDGE PRYOR:

The authorities relied on by counsel for the appellant conduce to show that the chancellor has no power to set aside a sale, made under a judgment of his court, merely because an advanced price can be obtained for the property sold, or, in other words, for the property offered for sale. No purchase in such a case is so complete as to vest the title in the bidder until the offer is approved and accepted by the chancellor. The party making the offer or the purchase is subject to this power of the chancellor over it.

In the present case, although the owner of the land was present and encouraged the bidding in order to obtain the best probable price for the land and has signed an agreement by which he bound himself to abide the division made by the commissioner, still he was placed in such a position by reason of the judgment against him and the direction of the commissioner to sell that he could do nothing else but endeavor to obtain as much for his land as it was reasonably worth. If he had stood by and opposed the sale his action might have resulted in a ruinous sacrifice of his property. The court had directed his land sold and he was not presumed to know whether the chancellor would approve the sale or not. The conclusion seems to have been

with him at least, that the sale would divest him of title, and this was the rational view for him to adopt. The record shows that the land of Cardin had been by a judgment of the court directed to be partitioned between his devisees, and that a judgment had been rendered subjecting the interest of the present appellee in the land, who was one of the heirs, to the payment of his debts.

The land was divided by the commissioner, not in pursuance of the order directing the division, but under an agreement between the heirs made for the purpose, as is suggested in that agreement of conforming to the wishes of all interested. Before this report of a division is made or approved by the court that part of it allotted to the appellee was sold by the commissioner and the appellant, Waters, became the purchaser. It also appears that the land sold for less than its value, and a bid was made to the court of an advance of twenty-five per cent. on the price agreed to be paid by the appellant.

What effect the sale of the land, without any confirmation whatever by the court of the division between the devisees, had on bidders does not appear, but we can well see how a purchaser could doubt the validity of his title obtained under a purchase where the devisees right to it was depending upon the future action of the court in rejecting or confirming the division, although it was made by the agreement of the parties. The chancellor acted properly in opening the biddings on appellee's motion. It does not appear that the appellant was made to pay the costs of the motion by which a resale was ordered. The employment of an attorney to resist the motion places the appellees under no obligation to pay the attorney's fee. The appellant was before the court and a party to the record by reason of his purchase and the retrial of the motion afforded him ample time to resist it and, if not, there was no sufficient reason given for a continuance of the hearing. The judgment is affirmed.

*Bullock & Davis,* for appellant.

*C. M. Harwood,* for appellee.